USCA1 Opinion

 

 February 9, 1993 [NOT FOR PUBLICATION] [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT _________________________ No. 92-1562 UNITED STATES OF AMERICA, Appellee, v. GENOVEVO MELENDEZ CARRUCINI, Defendant, Appellant. _________________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Juan M. Perez-Gimenez, U.S. District Judge] ___________________ _________________________ Before Selya, Cyr and Stahl, Circuit Judges. ______________ _________________________ Harry Anduze Montano and Guillermo Ramos Luina on brief for ____________________ _____________________ appellant. Daniel F. Lopez-Romo, United States Attorney, Jose A. Quiles- ____________________ _______________ Espinosa, Senior Litigation Counsel, and Edwin O. Vazquez, ________ __________________ Assistant United States Attorney, on brief for appellee. _________________________ _________________________ Per Curiam. We have examined the record in this Per Curiam ___________ criminal case, taking the evidence in the light most flattering to the prosecution, indulging all reasonable inferences in its favor, and then determining whether a rational jury could find guilt beyond a reasonable doubt. See United States v. Boylan, ___ ______________ ______ 898 F.2d 230, 243 (1st Cir.), cert. denied, 111 S.Ct. 139 (1990). _____ ______ In approaching this determination, we have considered both direct and circumstantial evidence. On that basis, we are fully satisfied that the magistrate judge's findings of fact are supportable and that the guilty verdict represents "a plausible rendition of the record." United States v. Ortiz, 966 F.2d 707, _____________ _____ 711 (1st Cir. 1002), cert. denied, ___ S.Ct. ___ (1993). We, _____ ______ therefore, summarily affirm the judgment below. See 1st Cir. ___ Loc. R. 27.1. For the sake of completeness, we add that whether the military authorities complied with the procedures limned by 9 L.P.R.A. 1044 is not a material issue at this stage of the proceedings; appellant, after all, was charged with, and convicted of, violating 9 L.P.R. A. 1041, not 1044. We add, moreover, that because appellant failed to raise any issue below as to either the adequacy of notice or abridgement of his Sixth Amendment rights, we will not entertain those claims on appeal. See United States v. Slade, 980 F.2d 27 (1st Cir. 1992).1 ___ _____________ _____ ____________________ 1At any rate, we think that the notice here was ample and appellant's constitutional rights were not infracted. 2 Affirmed. Affirmed. ________ 3